By the Court.—Sedgwick,. J.
I am, inclined to think that there was sufficient testimony to take the case to the jury, on the issue of whether Harrison was defendants’ agent, in making the agreement with plaintiffs. The examining of Harrison and one of the defendants, as to the alleged sale and purchase^ of the coupons between them, would prevent the case being taken from the jury. The jury’s scrutiny of the testimony of these witnesses, and finding that the partió *513 ular account given by them was not correct, would lead not only to a discrediting of the witnesses and a rejection of their testimony, but as against the defendants, one of them being examined, to a possible conclusion that there was nothing to be opposed to the claim that Harrison did act as broker. The perception of a jury may ascertain from the character and make-up of a fiction, what real event the fiction was meant to hide.
In other respects, the case was not a strong one for the plaintiffs. There were, if any, but two considerations that threw the balance in plaintiffs’ favor. The first grew out of defendants’ letters to the Raleigh bank, instructing them to send the coupons to the Richmond bank, and instructing the latter to deliver them up to the plaintiffs on payment of an amount at 87 cents on the dollar. Harrison had in a letter to the plaintiffs named the Richmond bank as the place of delivery. The second grew out of Harrison’s receiving §150 from defendants in settlement of what they alleged to be the purchase of the coupons by him of them. Neither of these was conclusive against the defendants. The coupons were in Raleigh. If Harrison had bought them in New York of the defendants and sold them to the plaintiffs to be delivered in Richmond, it was not unusual or improbable that, to avoid a formal delivery to Harrison and by his verbal request, the defendants should deliver to the plaintiffs and write the letters in evidence to accomplish that delivery, agreeing with Harrison to pay him the difference, less expenses.
As to the settlement for $150, though there was some testimony that if Harrison were entitled to the coupons, as buying them from defendants, his damages would have amounted to a greater sum, on the other band, there was no evidence that his brokerage would have been that sum. The amount does not of itself appear to be equivalent to a brokerage. And the suggestion that the settlement was upon the basis *514 of the profits that Harrison would have made by a sale to plaintiff at 87 is not without weight.
Down to Harrison’s letters after April 19, the negotiations and agreement had not clearly disclosed that Harrison was acting for somebody else. The third person referred to by him was, on the face of the letters, a seller to him, and the guarantee referred to was such as had been made by the seller, on the sale to him. At least, such a construction is not entirely inadmissible.
Therefore, when the letters of Harrison, written after the agreement of April 19 was then consummated, were received as competent evidence against the defendants, it must have had some effect upon the jury, that Harrison declared that he was only a broker. In a case so nearly balanced this effect may have been decisive. Although these letters were properly used upon Harrison’s cross-examination, they were then admissible only in respect of Harrison’s credibility, or to contradict him by his own declarations. This does not reach the further use made of them as evidence in themselves against the defendants. And I think it appears that the instruction at the end of the charge that the letters were not evidence, for the reason that if Harrison had, in fact, been an agent, his power to bind the defendants by his declaration ceased upon his making the agreement, may not have led the jury to undo what had been done in their minds, upon the testimony contained in the letters.
For the reason given, I am of opinion there should be a new trial. The other exceptions were not valid, but need not be stated in particular.
The judgment, and the order denying the motion for a new trial made at special term on the case as settled, are reversed, and a new trial ordered, with costs of the appeals to appellant to abide the event of the action. On the appeals from the orders denying motion *515 for new trial, one bill of costs with disbursements, if any, are to be taxed, as there has been but one argument.
Freedman, J., concurred.